Paul M. PRUSKY, as trustee of the Windsor Securities, Inc. Profit Sharing Trust, Appellant,

v.

PRUDENTIAL INSURANCE COMPANY OF AMERICA.

No. 02–1004.

United States Court of Appeals, Third Circuit.

Submitted July 16, 2002.

Filed Aug. 1, 2002.

Before SCIRICA, ALITO, and FUENTES, Circuit Judges.

## OPINION OF THE COURT

FUENTES, Circuit Judge.

This case involves a contract dispute between Paul M. Prusky ("Prusky") and the Prudential Insurance Company ("Prudential") over a life insurance policy that allowed Prusky to invest portions of his insurance premiums into certain sub-accounts in an investment fund. During a bench trial before the District Court, Prusky alleged that Prudential breached their contract by unilaterally changing the cut-off time for transferring funds to the sub-accounts from 4:15 p.m. to 4:00 p.m. The District Court entered judgment in favor of Prudential, finding that the cut-off time for making transfers is not a term of the contract. Prusky now appeals, contending that transfer notices take effect under the contract on the date Prudential receives them, regardless of their time of receipt.

Because we find that Prusky waived the right to present the argument he now offers on appeal, we will affirm the Judgment of the District Court.

## I.

We write for the parties only and thus state the facts in summary. Prusky, as trustee of the Windsor Securities, Inc. Profit Sharing Trust, owns a life insurance contract (the "Contract") issued by Prudential. Under the terms of the Contract, Prusky can invest portions of his insurance premiums into various "sub-accounts." Prudential then invests each sub-account in a specific portfolio of the Prudential Series Fund (the "Series Fund"), a sepa-rate entity. According to Prudential, the Contract allows Prusky to transfer funds between the different sub-accounts on every business day, provided the transfer is reported to Prudential before a certain transfer cut-off time. On appeal, Prusky alleges that there is no transfer cut-off time. Prusky's investments in the sub-accounts are evaluated each day at the Series Fund's valuation time.

The parties agree that, when the Contract was purchased, the parties understood that the transfer cut-off deadline and valuation time for the Series Fund were 4:15 p.m. New York City time. Ap. at 2a. However, on June 16, 2000, the board of directors of the Series Fund adopted a resolution that changed the Series Fund's valuation time to the close of the regular trading session of the New York Stock Exchange ("NYSE"), which is generally 4:00 p.m. On that same day, Prudential moved the transfer cut-off deadline to the Series Fund's valuation time.

Prusky filed his original complaint in June 2000 and his amended complaint in November 2000. His amended complaint claimed that the Contract guaranteed Prusky the right to a 4:15 p.m. transfer cut-off time and that Prudential had breached the Contract by changing the cut-off time to 4:00 p.m. Prusky sought injunctive and declaratory relief forcing Prudential to honor the 4:15 p.m. cut-off time for transfers between the sub-accounts. Following a bench trial on the merits, the District Court found that Prudential had not breached the contract and entered judgment in its favor on October 30, 2001. In reaching its decision, the court concluded that the cut-off time for making transfers among the sub-accounts is not a term of the Contract. Ap. at 46a.

In November 2001, Prusky filed a motion to amend the District Court's findings of fact, conclusions of law, and judgment.

In his motion, Prusky contended for the first time that the Contract "mandates that a transfer will be effected at any time on the date received and not on a subsequent date." Ap. at 365a (emphasis in original). The District Court denied Prusky's reconsideration motion on December 3, 2001. Prusky now appeals from the final judgment entered on October 30, 2001, and from the order denying his motion for amendment of the court's findings of fact, conclusions of law, and judgment.

## II.

The District Court exercised jurisdiction over this matter based upon the diversity of the parties. *See* 28 U.S.C. § 1332(a)(1). We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's findings of fact for clear error, *Scully v. U.S. WATS, Inc.*, 238 F.3d 497, 505 (3d Cir.2001), and its conclusions of law de novo, *Henglein v. Colt Industries Operating Corp.*, 260 F.3d 201, 208 (3d Cir.2001).

## III.

On appeal, Prusky contends that the District Court erred in concluding that the Contract does not provide a deadline for effecting transfers. He claims that the plain language of the Contract provides that transfer notices take effect on the date Prudential receives them, regardless of the time of their receipt. Prudential responds that, because Prusky is now offering an interpretation of the contract different from and contrary to the one that he presented at trial, he has waived the right to argue in favor of this confliction interpretation on appeal. We agree.

"Generally, 'absent compelling circumstances an appellate court will not consider issues that are raised for the first time on appeal.'" *Ross v. Hotel Employees and Restaurant Employees Intern. Union*, 266 F.3d 236, 242 (3d Cir.2001) (quoting *Patterson v. Cuyler*, 729 F.2d 925, 929 (3d Cir.1984), *overruled on other grounds recognized in Carter v. Rafferty*, 826 F.2d 1299 (3d Cir.1987)). "[A]rguments asserted for the first time on appeal are deemed to be waived … absent exceptional circumstances (e.g., the public interest requires that the issues be heard or manifest injustice would result from the failure to consider such issues)." *Brown v. Philip Morris Inc.*, 250 F.3d 789, 799 (3d Cir. 2001).

Prusky's position at trial was that the transfer cut-off time is 4:15 p.m. under the Contract. In his Complaint, he stated that, "[u]nder the Contract, transfers between and among sub-accounts become effective at the close of the then-current valuation period, which at the time Prudential sold the Contract, was 4:15 p.m." Ap. at 75a. In his closing argument at trial, Prusky's counsel remarked, "We know that the parties intended in 1997 that the transfer would take effect on the date that the transfer request is received at the home office, if it were received by 4:15 [p.m. New York Time]." Ap. at 173a. Prusky maintains, however, that his current position on appeal (that there is no transfer cut-off time) is not inconsistent with his stance at trial because his position at trial relied upon his previous understanding that a separate prospectus constituted part of the Contract an understanding that, according to Prusky, was later rejected by the District Court. Thus, Prusky contends that, because his position at trial depended upon his belief that the prospectus was a part of the Contract, that position does not contradict his current position, which is based on a different understanding of what constitutes the Contract.

Because we find that it is and always has been clear under the express language

of the Contract that the Contract consists of only the policy and any attached copy of an application, we cannot accept Prusky's argument. The Contract plainly states, "This policy and any attached copy of an application, including an application requesting a change, **form the entire contract.**" Ap. at 189a (emphasis added). In describing the contract as "the policy and attached application," (Ap. at 13a.), the District Court simply recited the express language of the Contract. We find that it would be improper to consider the court's description of the Contract as a critical finding with significant ramifications to the parties' understanding of the case. Because Prusky had ample opportunity prior to final judgment to present to the District Court the theory he now offers on appeal, and because we see no compelling circumstances justifying an exception to the general waiver rule, we conclude that Prusky has waived his right to introduce that theory here.[1]

## IV.

For the reasons stated above, we will affirm the Judgment of the District Court.

---

1. While it is true that Prusky presented his current theory that no transfer cut-off time existed under the Contract in his motion for reconsideration, that fact does not affect our analysis here. "[T]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985) (citing *Keene Corp. v. International Fidelity Insurance Co.*, 561 F.Supp 656, 665 (N.D.Ill.1983)). It is not to allow a party to "simply change[ ] theories and [try] again," thus giving them "a second bite at the apple." *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995).

